United States Court of Appeals

Fifth Circuit

**F I L E D**

**June 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN LUTCHER, also known as Mel, also known as Big Mel;
MELVIN LUTCHER, JR.,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-2
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Melvin Lutcher (Lutcher, Sr.) and Melvin Lutcher, Jr. (Lutcher, Jr.) appeal from their conviction of conspiring to possess with intent to distribute crack cocaine and using a communication facility in furtherance of a drug crime.

The Lutchers contend that Special Agent Oliver McGill's testimony interpreting recorded telephone calls violated FED. R. EVID. 701(b). The admission of McGill's testimony was not an abuse of discretion. See United States v. Miranda, 248 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

434, 440-41 (5th Cir. 2001). McGill testified that he was the case agent in the Lutchers' case, and that he listened to almost 5,000 telephone calls in the case. McGill became familiar with the drug organization's jargon as he listened to the calls and as he participated in controlled transactions with the organization. McGill debriefed as many as 50 individuals during the investigation, and he was involved in physical surveillance of members of the organization. According to McGill, the drug evidence seized in the case also helped him to understand the jargon of the organization, by confirming that there was crack cocaine in the residences that were mentioned. McGill's inferences were rationally based on his own perceptions, and his inferences were helpful to the jury to determine the meaning of the jargon used by the drug traffickers in the case. See FED. R. EVID. 701.

Lutcher, Sr., contends that the district court erred by denying his motion for a new trial. He argues that the evidence of weapons seized from Dwayne Kennedy, Sterling Lewis, and Andrese Villalobos that was put before the jury was irrelevant to his guilt and was prejudicial to his defense.

The district court did not abuse its discretion by denying Lutcher, Sr.'s motion for a new trial. See United States v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997). The Government provided Lutcher, Sr., with notice that firearms had been seized from Kennedy, Villalobos, and Lewis. Lutcher, Sr. did not move

before trial to have firearms evidence suppressed. Nor did Lutcher, Sr., object contemporaneously when the firearms were first mentioned and shown. The district court excluded the firearms evidence regarding Kennedy and Villalobos when objections were made, and the district court instructed the jury that it must base its verdict on legally admissible evidence and testimony. Juries are presumed to follow their instructions. Zafiro v. United States, 506 U.S. 534, 540 (1993). Lutcher did not object to the firearm evidence regarding Lewis, and he evidently sought to rely on that firearm evidence in his opening statement and closing argument.

AFFIRMED.